## Commonwealth et al. v. Black.

June 20, 1944.

Hubert Meredith, Attorney General, and Guy L. Dickinson for appellants.

Kenneth H. Tuggle for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

The Kentucky Board of Pharmacy and E. M. Josey, Secretary of the Board, filed this action to enjoin the appellee, Charles G. Black, doing business as Albright Drug Company, from erecting, maintaining, displaying, or using signs containing the title or words, "Drugs, Drug Store, Pharmacy or Apothecary," on the building in which his store was located. Josey appeared as a plaintiff individually and not in his official capacity.

From the pleadings and proof the following facts appear: The Albright Drug Company, a corporation, had conducted a drug store and, upon ceasing business, had leased to the appellee the store room in which the business was conducted. The appellee was conducting a store in which he sold drugs, although he was not a licensed pharmacist and did not keep a licensed pharmacist in charge. The Albright Drug Company, Inc., had erected and maintained on the building signs containing the words "Drugs and Drug Store." These signs remained in place while the appellee was conducting his individual business in the building.

The action, although seeking only equitable relief, was docketed as an ordinary action since the petition was not captioned as a petition in equity. The trial court, instead of transferring the action to equity as

authorized by Section 10 of the Civil Code of Practice, proceeded to trial before a jury. At the conclusion of the evidence for the plaintiffs a verdict was directed for the defendant, the court being of the opinion that the evidence did not satisfactorily establish that the defendant had maintained or displayed the signs. This appeal is prosecuted from the judgment entered on the directed verdict.

KRS, Chapter 315, creates the Kentucky Board of Pharmacy and regulates the sale of drugs. Section 315.020 provides that no persons except a licensed pharmacist shall manufacture or sell at retail any drug or medicine or compound physicians prescriptions. Section 315.030 prohibits any person from exhibiting the title of drug store unless he is a licensed pharmacist or keeps one in charge of his establishment. Section 315.040(1) provides that:

"Nothing in this chapter shall apply to the sale of usual nonpoisonous domestic remedies, harmless drugs or medicines or patent or proprietary medicine in the original package by any store."

It is the contention of the appellants that a clear violation of the statutory provisions was disclosed and that the action should have been transferred to equity and an injunction granted. The appellee's position is that the only showing was that the Albright Drug Company, Inc., and not the appellee maintained the signs and, further, that by reason of KRS 315.040(1), quoted above, there was no violation of the statute by maintaining such a sign at a store selling the character of drugs mentioned in the excepting section.

We think there is little merit in either of the arguments advanced by the appellee. If either of them were sustained, the very purpose of the act would be defeated. The operation of the store in the store room over which the appellee's predecessor had erected the signs was as clearly a use or exhibition of the signs in violation of the statute as if the appellee himself had erected the signs. If this were not true, anyone, by renting a store room over which such signs had been erected, could evade the statute.

We think it was also manifest that it was not the purpose of the excepting section, 315.040(1), to permit the use of a drug store sign by a store selling patent

medicines and other permitted drugs while not keeping a pharmacist in charge. The excepting language is that "nothing in this chapter shall apply to the sale of usual nonpoisonous domestic remedies * * *." Section 315.020 deals with the sale of drugs and medicines and compounding of prescriptions, and the only purpose of Section 315.040(1) was to modify this and other sections of the chapter dealing with actual sales. To give it the broad effect attributed to it by the appellee would largely nullify Section 315.030 and defeat one of the main purposes it was intended to accomplish.

Since the only relief sought was an injunction, the action was purely equitable and the court should have transferred it to the equity docket and proceeded as in an equitable action. There was no necessity for the intervention of a jury. In any event, the dismissal of the petition was unwarranted.

The suggestion is made in the appellee's brief that there was a defect of parties because E. M. Josey had no right to maintain the action. This is true, but it is rather immaterial since the other plaintiff, Kentucky Board of Pharmacy, showed itself entitled to the relief sought. The demurrer and special demurrer to the petition should have been sustained in so far as Josey was concerned.

The judgment is reversed with directions to grant appellant, Kentucky Board of Pharmacy, a new trial and for further proceedings consistent herewith.