## Commonwealth *v.* Dimas, Appellant.

6

Argued October 2, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Richard G. Fuller, Jr.,* with him *Samuel R. Liever,* for appellant.

*John V. Boland,* Assistant District Attorney, with him *John E. Ruth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 15, 1951:

Appellant was charged before an alderman with the violation of section 15 of the Act of May 17, 1917, P. L. 208, as amended, 63 PS §321, which prohibits the use of the word "drug store" or "pharmacy" in the conduct of a business unless the place of business is in fact a drug store or pharmacy duly registered and authorized. After hearing, the magistrate found the appellant guilty, and imposed a fine of $50 and costs. Appellant was allowed to appeal to the Court of Quarter Sessions of Berks County. A hearing de novo was held before that court. The court found that appellant was

guilty of a violation of section 15 of the Act of May 17, 1917, P. L. 208, as amended, and, on May 10, 1951, imposed a sentence consisting of a fine of $50 and costs.

It appears that appellant operates two stores in the City of Reading, Berks County, Pennsylvania. His place of business at Fifth and Washington Streets is admittedly not a registered pharmacy. Appellant's place of business at Ninth and Penn Streets is a registered pharmacy, being conducted as Dimas Rexall Drug Store. The signs prominently displayed at the Fifth and Washington Streets store consist of large neon electric signs above the display windows, reading: "Toiletries (Dimas Service Store) Cut Rate," "(Dimas Service Store) Luncheonette," while immediately below and running across the top of each large display window is a sign reading, "Welcome Rexall Drug Store 9th and Penn." This last mentioned sign appears at the top of four large display windows; the words "Welcome" and "9th and Penn" are not as prominently displayed as the words "Rexall Drug Store," but appear only at the ends of the windows in lighter and smaller lettering.

Section 15 of the Act of May 17, 1917, P. L. 208, as amended, 63 PS §321, reads as follows: "That it shall be unlawful for any person, firm, or corporation to use the title: 'pharmacist,' 'assistant pharmacist,' 'druggist,' or 'apothecary,' except as authorized by this act of Assembly, or hereafter to conduct or transact business under a name which contains as part thereof, with or without qualifying words, syllables, prefixes, or suffixes the words: 'drug store,' 'pharmacy,' 'medicine store,' 'medicine shop,' or 'drug shop,' or any term having a similar meaning, or in any manner by advertisement, circular, poster, sign, symbol, insignia, or otherwise, describe or refer to the place of business conducted or carried on by such person, firm, or corporation, by the terms 'drug store,' 'pharmacy,' or any other

term having a similar meaning unless the place of business is a drug store or pharmacy duly registered and authorized by the State Board of Pharmacy. Any person, firm, or corporation violating this section of this act of Assembly shall, upon conviction in a summary proceeding, be sentenced to pay a fine of not less than twenty-five dollars ($25.00) nor more than fifty dollars ($50.00) and the costs of prosecution, and in default of the payment of such fine and costs shall be imprisoned for ten days."

The question presented on this appeal is whether appellant's admitted conduct constitutes a violation of the statute. The purpose of the quoted section of the Act is plain. It prohibits, inter alia, describing or referring to a place of business by the term "drug store" or "pharmacy" unless such place of business is a drug store or pharmacy duly registered and authorized by the State Board of Pharmacy. The Act of 1917 is entitled "An Act To regulate the practice of pharmacy and sale of poisons and drugs, and providing penalties for the violation thereof; . . ." Although the Act contains penal provisions, it is remedial in nature, and it belongs to that class of legislation which has for its objective the protection of the health and safety of the public. It is important that the public should not be misled or deceived into believing a business is a licensed "drug store" when it is not legally qualified to sell drugs under the Act.

Appellant does not question the power of the legislature to enact such a law, but contends that his conduct does not constitute a violation of its provisions. Appellant argues that the signs at the Fifth and Washington Streets store, "Welcome    Rexall Drug Store 9th and Penn," are a valid advertisement of the drug store at Ninth and Penn Streets, and that these signs "do not refer to the Fifth and Washington Service Store as a 'drug store' which concededly would be un-

lawful." We are of the opinion that the signs "Rexall Drug Store" which appear so prominently on the windows at the Fifth and Washington Streets store constitute a holding out or advertisement of such business to the general public as a drug store, and that this is a violation of the Act as charged in the information. Cf. *People v. Bernstein*, 237 App. Div. 270, 261 N.Y.S. 381 (1933); *Com. v. Black*, 297 Ky. 832, 181 S. W. 2d 415. Photographs were offered in evidence which showed the complete view of the exterior and the display windows of appellant's store at Fifth and Washington Streets. They disclose that for all practical purposes the qualifying description that the drug store was at another location was ineffective. Where the words "drug store" are displayed prominently on the windows of a store, there is obviously a point at which qualifying words limiting the meaning to advertising an actual drug store at another location are without effect. It is difficult to understand how the general public could appraise the signs "Rexall Drug Store" prominently displayed on four windows preceded by the word "Welcome" as an advertisement relating to another location rather than descriptive of the place of business on the windows of which they were carried. Appellant cannot evade both the spirit and letter of the enactment by a hypercritical construction which ignores realities. *Com. v. Sweeney*, 61 Pa. Superior Ct. 367.

Judgment and sentence are affirmed.