J-S58013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER D. BOULDING, | |
| Appellant | No. 1805 WDA 2013 |

Appeal from the PCRA Order October 18, 2013
in the Court of Common Pleas of Beaver County
Criminal Division at Nos.: CP-04-CR-0002092-2009;
CP-04-CR-0002174-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 23, 2014**

Appellant, Christopher D. Boulding, appeals from the denial of his first

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-9546. We affirm.

This Court set forth the relevant background of this case in its May 3,

2011 memorandum, as follows:

> On September 12, 2009, Appellant assaulted his girlfriend
> and then held her against her will in their home for a weekend.
> Appellant was charged with aggravated assault, kidnapping,
> terroristic threats, unlawful restraint, simple assault, and false
> imprisonment.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 2901(a)(3), 2706(a)(1), 2902, 2701(a)(1), and
2903(a), respectively.

On May 31, 2009, Appellant was arrested for operating a vehicle with a blood alcohol content (BAC) of .013. Appellant was charged with one count of DUI (general impairment), one count of DUI (high rate)—his third offense in ten years—and one count of driving while his operating privilege was suspended or revoked.[2]

The Commonwealth and Appellant negotiated an open plea in both cases, by which the charges of aggravated assault, kidnapping, terroristic threats, and false imprisonment would be withdrawn in exchange for Appellant's *nolo contendere* plea to simple assault, unlawful restraint, and DUI (high rate). At the sentencing hearing on September 23, 2010, the Commonwealth set forth the factual basis of the offenses and the terms of the plea agreement. (*See* N.T. Sentencing, 9/23/10, at 3, 12-13).

\* \* \*

. . . Appellant's counsel agreed that this was an accurate recitation of the plea agreement. (*See id.* at 5). At the hearing, Appellant completed a written plea colloquy and two oral colloquies. In the written plea colloquy Appellant averred that he was "aware of the maximum sentence and/or fine that can be imposed for the offenses to which [he was] pleading." (*Nolo Contendere* Plea Colloquy, 9/23/10, at 3 ¶ 24). He further represented that he was not being forced to enter the plea, that he was doing it of his own free will, that no threats were made to him to enter the plea, and that no "promises . . . [were] made to [him] to enter [the] plea of *nolo contendere* other than [the] plea agreement that [was] negotiated . . . ." (*Id.* at [¶ 34; *see id.* at §§ 31-33]). Lastly, Appellant noted that he had "ample opportunity to consult with [his] attorney before deciding that [he] would enter [his] plea of *nolo contendere*." (*Id.* at 4 ¶ 42).

Appellant's counsel conducted an oral colloquy with Appellant, wherein counsel reviewed the offenses for which Appellant would plead *nolo contendere*, the maximum sentences for each offense, and the terms of the plea agreement. (*See* N.T. Sentencing, 9/23/10, at 8-10). Appellant responded that

---

[2] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), and 1543(b)(1).

he understood, that he was entering the plea of his own free will, that he answered the questions in the written colloquy truthfully, and that he was satisfied with his representation. (*See id.* at 10-11, 18). The trial court thereafter also conducted an oral colloquy with Appellant, who responded again that he was not being forced to enter the plea agreement, that he was doing this of his own free will, and that he was satisfied with the representation of his attorney. (*See id.* at 19).

The trial court approved the negotiated plea, and then sentenced Appellant to twelve to twenty-four months on the offense of simple assault, twenty-four to forty-eight months on the offense of unlawful restraint, and ninety days to forty-eight months on the offense of DUI (high rate). All of his sentences were ordered to run concurrently. At the conclusion of sentencing, Appellant made a request to proceed to trial, which was denied by the court. (*See id.* at 30).

Appellant filed a post-sentence motion on October 4, 2010, seeking to withdraw his *nolo contendere* plea on the basis that he "did not understand the terms of the plea agreement." (Motion to Withdraw Plea, 10/4/10, at 1 ¶ 3). The trial court denied this motion by order dated October 4, 2010. [A] timely appeal followed [in which Appellant challenged the denial of his post-sentence motion to withdraw his *nolo contendere* plea on the basis that he misunderstood the plea's terms.]

(***Commonwealth v. Boulding***, No. 1681 WDA 2010, unpublished memorandum, at 1-4 (Pa. Super. filed May 3, 2011)). On May 3, 2011, this Court affirmed Appellant's judgment of sentence, concluding that:

. . . in the totality of the circumstances there is ample evidence to support the trial court's determination that Appellant knowingly, voluntarily and intelligently entered his *nolo contendere* plea. The record belies Appellant's contentions that he misunderstood the plea agreement and that he believed his sentence would be time served to two years less one day. Accordingly, Appellant has failed to establish manifest injustice[.]

(***Id.*** at 8) (citation omitted). Our Supreme Court denied Appellant's petition for allowance of appeal on October 28, 2011. (***See Commonwealth v. Boulding***, 30 A.3d 1192 (Pa. 2011)).

On April 23, 2012, Appellant filed a timely *pro se* first PCRA petition. Appointed counsel filed an amended petition on February 25, 2013 and, on October 18, 2013, the court denied the petition after a hearing. Appellant timely appealed.[3]

Appellant raises three questions for this Court's review:

I. Whether the [PCRA] court erred in failing to hold that prior legal trial counsel was ineffective in misleading [Appellant] as to the meaning of or effect of the terms of the plea agreement causing him to enter an involuntary or unknowing plea of no contest, which could not have been the result of any rational, strategic or tactical decision?

II. Whether the [PCRA] court erred during the P.C.R.A. hearing in preventing [Appellant] from forcing prior legal counsel to admit that at the meeting between them just prior to [Appellant] entering his plea, prior legal counsel told him that under the terms of the open plea agreement he negotiated [Appellant] could and would receive a county (as opposed to a state) sentence and be paroled on both cases immediately after the plea and sentence hearing?

III. Whether the [PCRA] court erred during the P.C.R.A. hearing in preventing [Appellant] from calling two eyewitnesses to the underlying unlawful restraint case to rebut testimony of prior legal counsel that prior to [Appellant] entering his plea he

_____

[3] Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal on December 9, 2013. ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on January 10, 2014. ***See*** Pa.R.A.P. 1925(a).

(a) caused them to be served with subpoenas for trial and (b) discussed their potential testimony at trial?

(Appellant's Brief, at 5).

Our standard of review and the legal principles applicable to this matter are well-settled: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Reid**, 2014 WL 4097636, at *3 (Pa. filed August 20, 2014) (quotation marks and citation omitted).

> As relevant here, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [**See**] 42 Pa.C.S.A. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**[, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests.

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. Super. 2014) (quotation marks and some case citations omitted).

An appellant must establish that his claims "[have] not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue is

previously litigated if "the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.* at § 9544(a)(2). However, our Supreme Court has held:

> a Sixth Amendment claim of ineffectiveness raises a distinct legal ground for purposes of state PCRA review under § 9544(a)(2). Ultimately, the claim may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal, but a Sixth Amendment claim raises a distinct issue for purposes of the PCRA and must be treated as such.

*Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (citations and footnote omitted).

Here, in his first issue, Appellant alleges that the ineffective assistance of counsel rendered his plea of *nolo contendere* involuntary. (**See** Appellant's Brief, at 5). Specifically, he asserts that counsel misled him "as to the meaning of or effect of the terms of the open plea agreement," resulting in an involuntary plea. (**Id.** at 19; **see id.** at 19-29) (internal quotation marks omitted). This issue does not merit relief.

The PCRA provides, in pertinent part, that to be eligible for relief, "the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from . . . [a] plea of guilty[4] unlawfully induced where the circumstances make it likely that the

---

[4] "[W]e note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004), *affirmed*, 956 A.2d 399 (Pa. 2008).

inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii); *see also Commonwealth v. Rachak*, 62 A.3d 389, 394 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citing 42 Pa.C.S.A. § 9543(a)(2)(iii)).

Further,

> [i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. [*Commonwealth v.*] *Pollard*, 832 A.2d [517,] 523 [(Pa. Super. 2003)] (citations omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) [(citation omitted)].

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (internal quotation marks and some citations omitted). Therefore, "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." *McCauley*, *supra* at 922 (citation omitted). "As a general and practical matter, it is more difficult for a defendant to prevail on a claim

litigated through the lens of counsel ineffectiveness[.]" ***Spotz***, ***supra*** at 315 (citation omitted).

Here, in Appellant's direct appeal, this Court thoroughly addressed the issue of the voluntariness of his *nolo contendere* plea. (***See Boulding***, ***supra*** at 1681 WDA 2010, at 4-8). In that appeal, Appellant argued that his plea was "invalid [because] he misunderstood the terms of the plea agreement. . . . [Appellant] believed he would be sentenced to concurrent sentences of time served to two (2) years less one (1) day, and that he would be released forthwith." (***Id.*** at 4 (citing Appellant's Brief, at 12)). After a thorough review of the pertinent law and facts of the plea hearing, we concluded that the trial court properly found that "Appellant knowingly, voluntarily and intelligently entered his *nolo contendere* plea [and that t]he record belies [his] contentions that he misunderstood the plea agreement . . . ." (***Id.*** at 8 (citation omitted); ***see id.*** at 4-8).[5]

Accordingly, because this Court concluded that Appellant's plea of *nolo contendere* was voluntary, he has failed to prove the arguable merit of his

_____

[5] We also observe that the PCRA court found the testimony of Appellant's trial counsel credible, and "that [he] was effective in advising Appellant." (Order, 10/18/13; ***see also*** PCRA Court Opinion, 1/10/14, at unnumbered page six). Our review of the record supports the PCRA court's finding, and we will not disturb it. (***See, e.g.***, N.T. PCRA Hearing, 6/17/13, at 145, 155-54, 156-58); ***see also Commonwealth v. Hackett***, ___ A.3d ___, 2014 WL 4064039, at *36 (Pa. filed August 18, 2014).

underlying claim in this collateral challenge to counsel's effectiveness. ***Spotz***, ***supra*** at 311-12; ***Collins***, ***supra*** at 573. Appellant's first issue fails.

In Appellant's second issue, he argues that the PCRA court "erred during the P.C.R.A. hearing in preventing [him] from forcing prior legal counsel to admit that [he]" misled Appellant about the terms of the open plea. (Appellant's Brief, at 5). This issue does not merit relief.[6]

> [W]e note that in cross-examining a witness, an attorney is entitled to question the witness about subjects raised during direct examination as well as any facts tending to refute inferences arising from matters raised during direct testimony. . . . Similarly, an attorney may discredit a witness by cross-examining the witness about omissions or acts that are inconsistent with his testimony. . . . However, the scope and limits of cross-examination [are] vested in the . . . court's discretion and that discretion will not be reversed unless the trial court has clearly abused its discretion or made an error of law.

***Commonwealth v. Bricker***, 882 A.2d 1008, 1018-19 (Pa. Super. 2005) (citation omitted).

---

[6] As a preliminary matter, we note that Appellant utterly fails to provide any citation to the 209-page PCRA hearing transcript identifying where exactly the court prevented PCRA counsel from any cross-examination designed to "forc[e] prior counsel to admit" that he misled Appellant about the plea agreement's terms. (***See*** Appellant's Brief, at 30-34); ***see also*** Pa.R.A.P. 2119(c). He also fails to provide any pertinent citation to authority. ***See*** Pa.R.A.P. 2119(a)-(b). Although we could find waiver of Appellant's issue on this basis, we decline to do so where we are able to discern his argument and, thus, it does not preclude our meaningful appellate review. ***See*** ***Commonwealth v. Rodgers***, 605 A.2d 1228, 1233 (Pa. Super. 1992), *appeal denied*, 615 A.2d 1311 (Pa. 1992).

Here, the notes of testimony reveal that the PCRA court allowed Appellant's counsel to cross-examine trial counsel thoroughly at the PCRA hearing.[7] (***See*** N.T. PCRA Hearing, 6/17/13, 91-138, 161-77).

Specifically, PCRA counsel cross-examined trial counsel at length regarding what he told Appellant about the terms of the open plea in an effort to get him to admit that he misled him. (***See id.*** at 113-38, 150-58). However, in response to counsel's cross-examination of him, trial counsel repeatedly stated that he did not tell Appellant "that he would be released on the day he was sentenced," (***id.*** at 128; ***see id.*** at 122, 128, 132); that he advised Appellant that the best case scenario included a minimum of time-served, (***see id.*** at 119-20, 125, 129), but that the court had "sole discretion in an open plea to do the sentencing," (***id.*** at 131; ***see id.*** at 118, 132); and that Appellant agreed to the plea agreement's terms, (***see id.*** at 124, 130).

Based on the foregoing, and our independent review of the 209-page PCRA hearing transcript, specifically PCRA counsel's thorough cross-examination of trial counsel, we conclude that the PCRA court did not abuse its discretion in allegedly limiting cross-examination. ***See Washington***, ***supra*** at 805. Therefore, Appellant's second issue does not merit relief.

---

[7] Attorney Winter appeared as Appellant's witness and testified as on cross. (***See*** N.T. PCRA Hearing, at 5).

In his third issue,[8] Appellant claims that the PCRA court erred in failing to permit him to introduce witnesses on rebuttal who were "needed to disprove the credibility of prior legal counsel." (*Id.* at 36). Specifically, Appellant argues that the court

> wrongly failed to consider the true . . . purpose [of the testimony, which was] to shed a light on the credibility of prior legal counsel's limited testimony of the extent of his pre-trial preparation and thereby cast doubt on his entire testimony, especially as it related to the advice . . . or mis-advice . . . he gave [Appellant] regarding the open plea.

(*Id.* at 38). This issue lacks merit.

The admissibility of evidence is a matter solely within the discretion of the trial court[ and] we will reverse the trial court's determination to exclude testimony only if there has been an abuse of discretion. *Commonwealth v. Walsh*, 36 A.3d 613, 621 (Pa. Super. 2012) (case citations omitted).

In this case, during the PCRA hearing, Appellant's counsel moved to call two witnesses to rebut the testimony of Attorney Winter. (*See* N.T. PCRA Hearing, at 181-82). The Commonwealth objected on the ground that Appellant failed to attach affidavits and witness statements to his amended

---

[8] We again observe that Appellant failed to cite pertinent authority or to provide citations to the record where the PCRA court precluded his witnesses. (*See* Appellant's Brief, at 38); *see also* Pa.R.A.P. 2119(a)-(c). However, because this does not preclude our meaningful appellate review, we decline find his third issue waived, and will consider its merits. *See Rodgers*, *supra* at 1233.

- 11 -

PCRA petition and that, therefore, the witnesses were precluded from testifying.[9] (**See id.** at 182).

Our independent review confirms that Appellant failed to attach any proposed witness certifications to either the *pro se* or the amended petition in violation of Pennsylvania Criminal Rule of Procedure 902(A)(15) and section 9545(d)(1) of the PCRA. (**See** Amended PCRA Petition, 2/25/13; *Pro se* Petition, 4/23/12; **see also** 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). Therefore, Appellant was not entitled to have his witnesses testify at a hearing. **See Commonwealth v. Reid**, ____ A.3d ____, 2014 WL 4097636 at *5 (Pa. Super. filed Aug. 20, 2014) (observing that "[a]ppellant's failure to comply with the simple and straightforward rules

_____

[9] Pursuant to Pennsylvania Rule of Criminal Procedure 902(A)(15), a PCRA petition shall contain, "if applicable, any request for an evidentiary hearing. The request for an evidentiary hearing **shall** include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony." Pa.R.CrimP. 902(A)(15) (emphasis added).

Similarly, section 9545(d)(1) of the PCRA requires:

Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. **Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.**

42 Pa.C.S.A. § 9545(d)(1) (emphasis added).

governing entitlement to an evidentiary hearing should preclude Appellant's requested relief of an evidentiary hearing.").

Additionally, although his *pro se* petition contained the names of four potential PCRA witnesses, their proposed testimony was that they could have helped him establish his innocence if they had testified at trial. (***See** Pro Se* PCRA Petition, 4/23/12, at 6). As observed by the court, "the testimony that they were to offer . . . [went] to a guilt phase determination and [did] not go to the purpose or the rationale" stated by Appellant's counsel at the PCRA hearing, which was to challenge trial counsel's credibility, specifically regarding the advice he gave Appellant about the open plea. (PCRA Hearing, 183; ***see id.*** at 184); (***see also** Pro Se* PCRA Petition, 4/23/12, at 6; Appellant's Brief, at 38).

Based on all of the foregoing, we conclude that the court did not abuse its discretion when it precluded the proposed testimony identified in the PCRA petition, because it was irrelevant to the claim of ineffectiveness of counsel before it.[10] (***See id.***); ***see also Walsh***, ***supra*** at 621.[11] Appellant's third issue does not merit relief.

_____

[10] Appellant admits that the PCRA court properly found "that the scope of prior legal counsel's pre-trial preparation for the [a]ssault [c]ase was not before it[.]" (Appellant's Brief, at 37).

[11] We observe again that the PCRA court found Attorney Winter to be credible, and Appellant has failed to establish that the introduction of his proposed rebuttal witnesses would have changed that outcome. (***See*** Order

*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014

---

*(Footnote Continued)*

10/18/13; PCRA Ct. Op., at unnumbered page six; Appellant's Brief, at 35-39).