J-S56038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL TODD TRUMBORE, | |
| Appellant | No. 109 MDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003123-2011

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL TODD TRUMBORE, | |
| Appellant | No. 110 MDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003124-2011

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL TODD TRUMBORE, | |
| Appellant | No. 111 MDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003158-2011


COMMONWEALTH OF PENNSYLVANIA,

      Appellee

      v.

MICHAEL TODD TRUMBORE,

      Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 112 MDA 2014


Appeal from the Judgment of Sentence December 2, 2013
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003199-2011


COMMONWEALTH OF PENNSYLVANIA,

      Appellee

      v.

MICHAEL TODD TRUMBORE,

      Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 113 MDA 2014


Appeal from the Judgment of Sentence December 2, 2013
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004029-2011

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 27, 2014**

Appellant, Michael Trumbore, appeals from the judgment of sentence entered after his open guilty plea to robbery, and his negotiated guilty pleas to fleeing and eluding a police officer, theft by deception, and two counts of theft by unlawful taking.[1]  Specifically, Appellant argues that the trial court erred in denying his post-sentence motion to withdraw his guilty pleas, challenges the discretionary aspects of his sentence, and claims ineffective assistance of plea counsel.  We affirm.

On June 8, 2011, Appellant robbed a bank after giving the teller a note demanding money and advising he had a gun.  On June 28 and July 14, 2011, Appellant stole vehicles from two different car dealerships.  Between July 13 and 16, 2011, Appellant took brass cemetery vases or urns from a local cemetery.  On July 18, 2011, officers attempted to stop Appellant in a vehicle because of outstanding warrants for his arrest.  Appellant fled, making illegal passes, running red lights, and travelling at a high rate of speed, which resulted in him crashing into a sign.  Officers apprehended him when he attempted to flee on foot.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii), 75 Pa. C.S.A. § 3733(a), and 18 Pa.C.S.A. §§ 3922(a)(1), and 3921(a), respectively.

- 3 -

The Commonwealth charged Appellant with the above crimes at five different docket numbers. On September 10, 2012, Appellant entered an open guilty plea to the charge of robbery for his June 8, 2011 bank theft. On November 7, 2012, Appellant entered negotiated pleas to the remaining charges resulting from his actions between June 28 and July 18, 2011, and, the same day, the trial court sentenced Appellant to not less than eight nor more than twenty years' incarceration on the robbery charge, with the remaining sentences to run concurrently.

Appellant timely filed a post-sentence motion on November 19, 2012, which the court denied the same day.[2] On December 17, 2012, Appellant timely appealed, alleging, in pertinent part, that the court erred in denying him his right of allocution pursuant to Pennsylvania Rule of Criminal Procedure 704. The Commonwealth and the trial court agreed with Appellant. On August 27, 2013, a panel of this Court vacated the trial court's November 7, 2012 judgment of sentence and remanded for re-sentencing as requested by the parties and the trial court.

On December 2, 2013, the court held a re-sentencing hearing, with Appellant appearing via teleconference. The court provided Appellant with his right of allocution, and again sentenced him to an aggregate term of not less than eight nor more than twenty years' incarceration. On December 11,

---

[2] November 17, 2012 fell on a Saturday.

2013, Appellant filed a post-sentence motion requesting to withdraw his guilty pleas because he had not received a psychiatric evaluation prior to entering them. On December 17, 2013, the court denied Appellant's motion without a hearing. Appellant timely appealed on January 14, 2014.[3] Current conflict counsel was assigned after the court granted Appellant's petition to remove his plea counsel. On February 7, 2014, this Court consolidated Appellant's five cases for purposes of appeal.

Appellant raises three issues for this Court's review:

A.    Whether the [c]ourt sanctioned a manifest injustice when it denied [Appellant's] motion to Withdraw his Guilty Plea after [Appellant] was deemed to meet the **M'Naghten**[4] Standard in another Pennsylvania County for charges that occurred in the same time period(s) of the charges for which it was sentencing

---

[3] Appellant filed a timely Rule 1925(b) statement of errors pursuant to the court's order on February 28, 2014. The court filed an opinion on March 18, 2014. **See** Pa.R.A.P. 1925.

[4] Under the **M'Naghten** Rule:

. . . to establish a defense on the ground of insanity, it must be clearly proved that, at the time of committing the act, the party accused was [laboring] under such a defect of reason, from the disease of the mind, as not to know the nature and quality of the act he was doing, or if he did know it that he did not know he was doing what was wrong.

**Commonwealth v. Woodhouse**, 401 Pa. 242, 249-52, 164 A.2d 98, 103 (1960) (quoting **M'Naghten's Case**, 10 Cl. & Fin. 200, 8 Eng.Rep. 718 (1873).

**Commonwealth v. Parsons**, 969 A.2d 1259, 1263 n.3 (Pa. Super. 2009) (en banc), appeal denied, 982 A.2d 1228 (Pa. 2009).

[Appellant] and Berks County trial counsel had not investigated and/or fully explained to the court those findings and the significance of [Appellant's] mental health status as a defense or mitigating circumstance to justify less than an aggravated range minimum with a statutory limit maximum?

B.     Whether the sentence imposed in this matter is excessive and was an abuse of discretion which did not take into account the mitigating circumstances regarding his mental health issues?

C.     Whether [trial counsel] rendered ineffective assistance of counsel in the timing of his motion to withdraw guilty plea, for failing to investigate and present a mental health defense and/or using the mental health issue of [Appellant] as a mitigating circumstance to justify a lesser sentence?

(Appellant's Brief, at 8).

In Appellant's first issue, he challenges the trial court's denial of his post-sentence motion to withdraw his September 10 and November 7, 2012 guilty pleas. (*See id.* at 14-16). Specifically, Appellant argues that the pleas "were not knowing, intelligent and voluntary . . . because of his significant mental health history" and that the court "abused its discretion [in failing] to withdraw the plea[s] and investigate his mental health issues in any manner." (*Id.* at 14). Appellant's claim lacks merit.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citations and internal quotation marks omitted).

Further,

> [i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. [**Commonwealth v.**] **Pollard**, 832 A.2d [517,] 523 [(Pa. Super. 2003)] (citations omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001) [(citation omitted)].

**Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa. Super. 2006). Therefore, "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." **McCauley**, **supra** at 922 (citation omitted).

Here, in his written open guilty plea statement for the charge of robbery, Appellant stated that he did not suffer from any mental illness at the time of entering his plea, although he previously had suffered from "organic mental syndrome." (Guilty Plea Statement, 9/10/12, at 2 ¶¶ 8, 9). Appellant further stated that he was aware that he was giving up his right to

a jury trial, that by pleading guilty he gave up his right to file pre-trial motions, and that he understood the nature of the charges to which he was pleading guilty. (*See id.* at ¶¶ 11-14). Appellant stated that he was pleading guilty of his own free will, that he understood the maximum possible sentence for the robbery charge, that he had limited appellate rights, and that he was satisfied with counsel's assistance. (*See id.* at 3 ¶¶ 15, 18-20).

At the September 10, 2012 hearing, the court confirmed that all of the answers in the written statement were true and correct, that Appellant had the opportunity to speak with his attorney about the case and that he was satisfied with counsel's representation, that he had not taken any medication in the previous forty-eight hours, and that he knew what he was doing and what his maximum possible sentence could be. (*See* N.T. Guilty Plea Hearing, 9/10/12, at 2-4). The Commonwealth explained the robbery charge against Appellant, and the facts it would have to prove at trial. (*See id.* at 5-6). Appellant admitted to committing the robbery in the manner detailed by the Commonwealth. (*See id.* at 6).

At the November 7, 2012 plea and sentencing hearing on Appellant's negotiated guilty pleas to fleeing and eluding a police officer, theft by deception, and two counts of theft by unlawful taking, the following exchange occurred:

> THE COURT: In the last 48 hours, have you had any kind of medication, drugs, or alcohol?

[APPELLANT]: No.

THE COURT: Have you had the opportunity to speak with your attorney . . . ?

[APPELLANT]: Yes.

THE COURT: Are you satisfied with the services provided to you by [counsel]?

[APPELLANT]: Yes.

THE COURT: Have you had any medication in the last 48 hours related to the diagnosis of . . . organic mental syndrome[?]

\* \* \*

THE COURT: . . . Okay, so when did you last, if ever, have any medication for organic mental syndrome?

[APPELLANT]: I believe it was around 19— I'm going to say 1992.

THE COURT: Was it medication you took?

[APPELLANT]: Yes.

THE COURT: You stopped taking it?

[APPELLANT]: Yes.

THE COURT: Why?

[APPELLANT]: Because I felt I didn't need it.

THE COURT: Okay. So since you've been at Berks County Prison, has any psychiatrist said you needed medication?

[APPELLANT]: I haven't seen any.

THE COURT: So then you're in a regular cell block?

[APPELLANT]: Yes.

(N.T. Guilty Plea and Sentencing, 11/07/12, at 10-11).

In his written negotiated plea statements, the forty-four year old Appellant wrote that he was diagnosed with organic mental syndrome when he was six years of age, but that he did not suffer from any mental illness at the time of the guilty plea. (*See* Guilty Plea Statements, Theft by Deception, Theft by Unlawful Taking, Fleeing and Eluding a Police Officer, 11/07/12, at 2 ¶¶ 8, 9). Also in the written pleas, Appellant further stated that he was aware that he was giving up his right to a jury trial, that by pleading guilty he gave up his right to file pre-trial motions, and that he understood the nature of the charges to which he was pleading guilty. (*See id.* at ¶¶ 11-14). Appellant stated that he was pleading guilty of his own free will, that he understood the maximum possible sentences, that he had limited appellate rights, and that he was satisfied with counsel's assistance. (*See id.* at 3 ¶¶ 15, 18-20).

Finally, at the November 7, 2012 guilty plea hearing and sentencing, Appellant agreed that all of his statements in the written guilty plea colloquies were "true and correct," and that he understood that his sentences for each crime of not less than three nor more than six years' incarceration were to run concurrently with the robbery sentence. (N.T. Guilty Plea and Sentencing, 11/07/12, at 10; *see also id.* at 12). Appellant admitted that he committed the crimes to which he was pleading guilty as described in detail by the Commonwealth. (*See id.* at 15-20).

Accordingly, based on the foregoing, Appellant's argument that he did not enter into a knowing and voluntary plea because he was suffering from a mental illness at the time of his guilty pleas lacks merit. (*See* Appellant's Brief, at 14-16). There is absolutely no evidence[5] that Appellant lacked the "ability to comprehend his position as one accused of [a crime] and to cooperate with his counsel in making a rational defense." ***Shaffer***, ***supra*** at 680 (citation omitted). Therefore, we conclude that the court did not abuse its discretion in denying Appellant's motion to withdraw his guilty pleas. Appellant's first issue lacks merit.

In Appellant's second issue, he challenges the discretionary aspects of his sentence. (*See* Appellant's Brief, at 16-19). Specifically, Appellant asserts that "[t]he sentence imposed was excessive and an abuse of

---

[5] Appellant attached a psychiatric evaluation report to his brief in support of this appeal. However, it is well-settled that this Court is prohibited from reviewing items that are not part of the certified record. ***See Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009) (Observing that "[t]his Court does not rely on items *dehors* the record[.]") (citation omitted). Accordingly, we will not consider this document.

Additionally, we note that Appellant's undeveloped argument that his pleas were involuntary because he "was deemed to meet the ***M'Naghten*** Standard in another Pennsylvania County," (Appellant's Brief, at 8; ***see id.*** at 16), is legally unpersuasive. ***See Commonwealth v. Shaffer***, 449 A.2d 677, 680 (Pa. Super. 1982) (stating that "[t]he test to be applied in determining the legal sufficiency of [a defendant's] mental capacity to . . . enter a plea at the time involved, is not the ***M'Naghten*** "right or wrong" test, but rather his ability to comprehend his position as one accused of [a crime] and to cooperate with his counsel in making a rational defense.") (citation, emphasis, and internal quotation marks omitted).

discretion based on the failure to properly consider [his] psychiatric history."

(*Id.* at 16).  This issue is waived.

Pennsylvania Rule of Appellate Procedure 2119 provides, in pertinent

part:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall** set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement **shall** immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f) (emphasis added); *see also **Commonwealth v. Bruce***,

916 A.2d 657, 666 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa.

2007) (same).

Here, Appellant has failed to include a Rule 2119(f) statement in his

brief.  (***See*** Appellant's Brief, at 1-20).  "A failure to include the Rule 2119(f)

statement does not automatically waive an appellant's argument; however,

we are precluded from reaching the merits of the claim when the

Commonwealth lodges an objection to the omission of the statement."

***Bruce***, ***supra*** at 666.  In its brief, the Commonwealth objects to Appellant's

omission of the statement, stating that this Court "may not review the

sentencing issue raised, as [Appellant] has not sought permission for review

of his sentence."  (Commonwealth's Brief, at 9; ***see id.*** at 7-9).

We agree with the Commonwealth that, because it has objected, we are precluded from reaching the merits of Appellant's claim. Therefore, we deem it waived. *See Bruce*, *supra* at 666.

In Appellant's third issue, he alleges the ineffectiveness of counsel, but acknowledges that this issue is not properly before us on direct appeal. (*See* Appellant's Brief, at 19-20). We dismiss Appellant's claim without prejudice to him to raise it on collateral review. *See See Commonwealth v. Thomas*, 54 A.3d 332, 344 (Pa. 2012), *cert. denied*, 134 S. Ct. 173 (2013) (applying the holding of *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.") (footnote omitted).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2014</u>