J-S24031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIO ANGEL FRED-LEON, | : | |
| | : | |
| Appellant | : | No. 1036 MDA 2017 |

Appeal from the PCRA Order May 31, 2017
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0000847-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 25, 2018**

Julio Angel Fred-Leon ("Fred-Leon") appeals, *pro se*, from the dismissal of his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 17, 2015, Fred-Leon, while under the influence of drugs, was handling a revolver, which accidentally fired, striking Marc Simmons ("Simmons") in the neck.  Fred-Leon entered an open guilty plea to one count of aggravated assault.  The trial court sentenced Fred-Leon to 5 to 10 years in prison, followed by 10 years of probation.  Fred-Leon did not file any post-sentence motions or a direct appeal.

On May 20, 2016, Fred-Leon filed a *pro se* PCRA Petition.  The PCRA court appointed Osmer Demming, Esquire ("Attorney Demming"), to represent Fred-Leon.  Subsequently, Attorney Demming filed a "No-Merit" Letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court granted Attorney Demming leave to withdraw.  Thereafter, the PCRA court filed a Pa.R.Crim.P 907 Notice.  On May 31, 2017, the PCRA court dismissed the Petition.

Fred-Leon filed a timely Notice of Appeal.  On August 2, 2017, the PCRA court ordered Fred-Leon to file a Pa.R.A.P 1925(b) concise statement.  Fred-Leon failed to file a concise statement.  The PCRA court issued an opinion stating that Fred-Leon's claims are waived for failure to file a concise statement.

It is well-settled that a *pro se* appellant is not entitled to any advantage due to the lack of legal training, and must comply with the Pennsylvania Rules of Appellate Procedure.  ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005).  "[I]n order to preserve their claim for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."  ***See Commonwealth v. Castillo,*** 888 A.2d 775, 780 (Pa. 2005) (citation omitted).

Accordingly, based on Fred-Leon's failure to file a Rule 1925(b)

concise statement, he has waived all of his issues on appeal.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2018

---

[1] In his guilty plea, Fred-Leon acknowledged that he understood the nature of the charges to which he was pleading guilty; he committed the crime to which he was pleading guilty; he understood that he had an absolute right to trial by jury; he understood he is presumed innocent until proven guilty; he was informed of the maximum range of sentences that could be imposed, and that the trial court was not bound to the terms of the plea agreement; and he was satisfied with his counsel's representation. **See** Written Guilty Plea Colloquy, 11/17/15, at 1-3; N.T., 11/17/15, at 2-5; **see also Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "[a] defendant is bound by statements he makes during his plea colloquy[.]").