COMMONWEALTH of Pennsylvania,
Appellee,

v.

Hugh Joseph McCAULEY, Appellant.

Superior Court of Pennsylvania.

Argued May 2, 2001.
Filed Oct. 19, 2001.

Stephen R. Greenberg, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before: HUDOCK, ORIE MELVIN and POPOVICH, JJ.

ORIE MELVIN, J.

¶ 1 Appellant, Hugh Joseph McCauley, appeals from the judgment of sentence entered following his guilty plea to one count of Criminal Attempt, 18 Pa.C.S.A. § 901, to acquire a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge pursuant to 35 Pa. C.S.A. § 780–113(a)(12). On appeal, Appellant claims the ineffectiveness of his plea counsel resulted in the entry of an unknowing and involuntary plea. Finding no merit to Appellant's contention, we affirm.

¶ 2 The facts and procedural history may be summarized as follows. The charge upon which Appellant was sentenced arose from an incident wherein Appellant presented a forged prescription for Lorcet, a Schedule III controlled substance, to the pharmacist at the Bethel Park Giant Eagle. However, before the prescription was filled, Appellant attempted to leave the store and was apprehended. Appellant entered a negotiated guilty plea and was sentenced to nine months' probation. Appellant retained new counsel and timely filed a post sentence motion to withdraw his guilty plea asserting the ineffective assistance of plea counsel caused him to enter an involuntary plea. A hearing was held thereon, and the motion was denied. This timely appeal followed.

¶ 3 Appellant maintains his guilty plea counsel was ineffective because counsel induced him to enter a guilty plea that was not knowing, intelligent and voluntary. Specifically, Appellant contends plea counsel failed to inform him he could have filed a motion to quash the information on the basis that the Commonwealth may not prosecute under a general penal statute where a more specific statute applies. Appellant asserts he should have been

charged with a violation of the Pharmacy Act and not an attempted violation of the Drug Device and Cosmetic Act (Drug Act).

■■■ ¶ 4 Our standard of review when evaluating claims of counsel's ineffectiveness is well settled. "Counsel is presumed to be effective, and it is the defendant's burden to prove otherwise." *Commonwealth v. Cox*, 556 Pa. 368, 382, 728 A.2d 923, 929 (1999), *cert. denied*, 533 U.S. 904, 121 S.Ct. 2246, 150 L.Ed.2d 233 (2001). In order to overcome the presumption and prove his counsel was ineffective, a defendant must show that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the action or omission in question; and (3) but for counsel's ineffectiveness, the outcome of the trial would have been different. *Commonwealth v. Tigney*, 730 A.2d 968 (Pa.Super.1999). Moreover,

claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the 'manifest injustice' standard applicable to all postsentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Hallock*, 722 A.2d 180, 182 (Pa.Super.1998) (quoting *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1004 (1996), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997)).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. Stork*, 737 A.2d 789, 790–791 (Pa.Super.1999), *appeal denied* 564 Pa. 709, 764 A.2d 1068 (2000) (citations and quotations omitted). Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea. *Yager*, supra.

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Young*, 695 A.2d 414, 417 (Pa.Super.1997).

¶ 5 Essentially, Appellant is arguing he did not understand the nature of the charge or the permissible ranges of sen-

tences for the offense charged because the charge to which he pled was incorrect. He asserts that due to counsel's failure to quash the original information, he pled guilty to a felony under the Drug Act rather than a misdemeanor under the Pharmacy Act.

¶ 6 As to the meritorious nature of his claim, Appellant argues that *Commonwealth v. Vukovich,* 301 Pa.Super. 111, 447 A.2d 267 (1982) is controlling. In *Vukovich,* as in the case here, the defendant presented a forged prescription in order to obtain a controlled substance without a prescription. We held that the defendant was improperly convicted under the forgery section of the Crimes Code, 18 Pa. C.S.A. § 4101, in that such conduct was made a misdemeanor by the Pharmacy Act and the forgery section of the Crimes Code was a general penal provision, which had to yield to the special penal provision in the Pharmacy Act. *Id.,* 447 A.2d at 269–270. Thus, Appellant argues that he should not have been prosecuted under the general provisions of the Penal Code when there were applicable special penal provisions available.

¶ 7 Appellant correctly states that the general policy of Pennsylvania law precludes prosecutions under general provisions of a penal code when special penal provisions are available. *Commonwealth v. Miller,* 414 Pa.Super. 56, 606 A.2d 495 (1992), *appeal denied,* 531 Pa. 639, 611 A.2d 711 (1992). However, in the instant matter we are not presented with a general versus a specific penal provision. The provisions at issue are both specific in their prohibiting fraudulent acquisition of drugs. Accordingly, our task is to determine which is the more specific provision. Upon our review of the applicable provi-

sions, we find the Commonwealth properly prosecuted the case under the more specific provisions of the Drug Act.

¶ 8 Here, the specific crime underlying the Criminal Attempt [1] charge is the crime of Acquisition of a Controlled Substance by Misrepresentation. 35 P.S. § 780–113(a)(12). This provision of the Drug Act provides as follows: "The following acts and the causing thereof within the Commonwealth are hereby prohibited: ... The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge." The Pharmacy Act provides in relevant part:

It shall be unlawful for:

\*      \*      \*      \*      \*      \*

(13) Any person by himself or through another to procure or attempt to procure for himself or another any drug:

(i) by fraud, deceit, misrepresentation or subterfuge;

(ii) by forgery or alteration of a prescription or any written order;

(iii) by the concealment of a material fact;

(iv) by use of a false statement in any prescription, order or report.

63 P.S. § 390–8(13).

¶ 9 In short, the Pharmacy Act prohibits the fraudulent procuring or attempting to procure any drug whereas the provision of the Drug Act speaks specifically to fraudulent acquisition of a controlled substance. The terms drug and controlled substance are separately and similarly defined in each Act. *See* 63 P.S. § 390–2(3) and (7); 35 P.S. § 780–102. In fact the Pharmacy Act refers to the Drug

---

**1.** Criminal Attempt is defined as follows:
A person commits an attempt when, with intent to commit a specific crime, he does

any act which constitutes a substantial step toward the commission of that crime.
18 Pa.C.S.A. § 901.

Act's definition of a controlled substance, which is defined as "a drug, substance, or immediate precursor included in Schedules I through V of this act." 35 P.S. § 780–102. The statutory scheme of the Drug Act is particularly aimed at the regulation of substances determined to have the potential for danger to society and to the individual. The Commonwealth's Secretary of Health classifies a substance as falling within a particular Schedule based upon consideration of their potential for abuse, whether they have a currently accepted medical use, and the consequences of their abuse. 35 P.S. § 780–104. Here, Appellant was charged with attempted acquisition of a Schedule III substance, based on a finding that it has "a potential for abuse less than the substances listed in Schedules I and II; well documented and currently acceptable medical use in the United States; and abuse may lead to moderate or low physical dependence or high psychological dependence." 35 P.S. § 780–104(3). Moreover, the difference in grading between offenses under Drug and Pharmacy Acts is consistent with the legislature's determination that a controlled substance is of a more dangerous nature. Additionally, the Pharmacy Act is remedial in nature, designed to regulate the practice of pharmacy, *Commonwealth v. Dimas,* 170 Pa.Super. 5, 84 A.2d 218 (1951), while the Drug Act is more penal in nature and directed specifically toward regulating the manufacture, sale and possession of controlled substances.

¶ 10 Hence, the Commonwealth submits, and we agree, that the fraudulent acquisition of a controlled substance under the Drug Act constitutes a more specific penal statute then does the general prohibition of the Pharmacy Act, which proscribes the same conduct as to any type of drug. *See Commonwealth v. Larsen,* 452 Pa.Super. 508, 682 A.2d 783 (1996), *appeal denied,* 547 Pa. 752, 692 A.2d 564 (1997) (holding that Commonwealth was not required to prosecute defendant for misdemeanor under the Pharmacy Act, rather than under the Drug Act, where Drug Act was more specific than Pharmacy Act). Nor does the fact that the Appellant was charged with Criminal Attempt due to his unsuccessful bid to acquire the controlled substance change this conclusion. As this Court noted in *Commonwealth v. Cunningham,* 248 Pa.Super. 219, 375 A.2d 66, 67 (1977) (*en banc*):

> We are … mindful of the fact that the Pharmacy Act, Act of 1961, Sept. 27, P.L. 1700, § 8, 63 P.S. § 390–8(13)(i) expressly makes attempts unlawful while the Drug, Device and Cosmetic Act does not. However, we hold that this situation is amply covered by 18 Pa.C.S. § 901 when the legislature defined 'Criminal Attempt' as an attempt to commit any crime without distinguishing among the various crimes.

Therefore, Appellant's claim that counsel should have moved for dismissal of the information is meritless, and plea counsel cannot be held ineffective for failing to seek dismissal. *See Commonwealth v. Padden,* 2001 PA Super 246 (holding counsel can never be deemed ineffective for failing to raise a meritless claim).

¶ 11 Judgment of sentence affirmed.