## Commonwealth v. McCoy

*Vram Nedurian Jr.,* for the Commonwealth.
*Patrick J. Connors,* for defendant.

JENKINS, *J.,* January 15, 2008—On March 25, 2007, Reginald McCoy was charged with various assault offenses against his wife, Angela. On September 6, 2007, the Commonwealth filed informations charging him with simple assault, terroristic threats, reckless endangerment, endangering the welfare of children and resisting arrest.

On November 5, 2007, McCoy entered a negotiated plea in which he pled guilty to simple assault in exchange for a sentence of 9-23 months in county prison with eligibility for immediate work release. N.T., 11/5/07, p. 13. In the course of this hearing, he reviewed and signed a comprehensive guilty plea statement that defined the rights he was waiving by pleading guilty. N.T., 11/5/07, p. 10. The court incorporated the signed guilty plea statement into the record. N.T., 11/5/07, p. 10.

On December 5, 2007, McCoy filed a timely notice of appeal. On the same date, the court ordered him to file a concise statement of matters complained of on appeal within 21 days. On December 26, 2007, he filed a timely concise statement in which he raised one issue: "The guilty plea . . . was not knowingly, voluntarily and intelligently entered, since it was never adequately explained to [him] that he had a right to confront his accuser at trial." The court finds this issue meritless and recommends that its judgment of sentence be affirmed.

In order to withdraw a guilty plea after sentencing, the defendant must show that the court, by denying withdrawal, would be permitting a manifest injustice. *Commonwealth v. Gunter,* 565 Pa. 79, 84, 771 A.2d 767, 771 (2001). Such a manifest injustice occurs when the defendant does not tender his plea knowingly, intelligently, voluntarily, and understandingly. *Id.* To determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

"(2) Is there a factual basis for the plea?

"(3) Does the defendant understand that he has a right to trial by jury?

"(4) Does the defendant understand that he is presumed innocent until he is found guilty?

"(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

"(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?" *Commonwealth v. Mc-Cauley,* 797 A.2d 920, 922 (Pa. Super. 2001). (citation omitted)

The court may conduct this examination, or it may permit defense counsel or the attorney for the Commonwealth to do so. *Id.;* Pa.R.Crim.P. 590(b)(2) and comment. Importantly, the examination does not have to be solely oral. It is permissible to use a written colloquy that the defendant reads, completes, and signs and that is also incorporated into the record and supplemented by some on-the-record oral examination. *McCauley, supra,* 797 A.2d at 922.

McCoy's attack upon his guilty plea hearing fails for two reasons. First, the issue that McCoy claims should have been addressed during his hearing—his right to confront his accuser(s) at trial—is not one of the six subjects deemed essential for a valid plea. *McCauley.* Second, assuming that this issue was essential for a valid plea, it was covered in paragraph 8 of his written guilty plea statement, which states: "I understand and my lawyer has explained to me that if I plead not guilty and have a trial . . . [t]he Commonwealth must present evidence and witnesses who testify under oath and I or my lawyers can cross-examine or ask questions of these

witnesses." The content of this paragraph adequately informed McCoy of his right of confrontation. Moreover, he clearly understood this provision, since (a) he read and initialed it and signed the guilty plea statement at the end, (b) the guilty plea statement was incorporated into the record, N.T., 11/5/07, p. 10, and (c) the guilty plea statement was supplemented by on-the-record oral examination, N.T., 11/5/07, pp 5-12. See also, *McCauley, supra,* 797 A.2d at 922 (permitting use of written colloquies that supplement on-the-record oral examination).

For these reasons, McCoy has failed to demonstrate that his guilty plea and sentence is the product of manifest injustice. To the contrary, he knowingly, voluntarily and intelligently waived his right to confront his accuser(s) at trial. His judgment of sentence should be affirmed.