J-S66003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK PEKULAR, | |
| Appellant | No. 883 WDA 2014 |

Appeal from the PCRA Order of May 12, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005537-2010

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 05, 2016**

Appellant, Frank Pekular, appeals from an order entered on May 12, 2014 that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

We glean the historical facts in this case from the summary of the evidence proffered by the Commonwealth at Appellant's plea hearing.  On November 28, 2009, at approximately 8:00 p.m., Appellant entered the BP filling station and convenience store at 910 Sawmill Run Boulevard in Allegheny County.  He approached the counter and purchased a pack of crackers with loose change.  Appellant then left the convenience store and walked outside.  He paced around the store, returned, and selected another package of crackers.

---

*Retired Senior Judge assigned to the Superior Court.

When Appellant came up to the purchase window, Lucinda Wetzel was the cashier. As Ms. Wetzel opened the drawer to the cash register, Appellant dove underneath a security barrier and unsuccessfully attempted to grab cash from the open register. Appellant then fled outside and attempted to rob Ms. Wetzel. Next, Walter Wetzel chased Appellant and brandished a firearm. If the case had proceeded to trial, the Commonwealth's witnesses were prepared to testify that Mr. Wetzel was acting within the scope of his employment at the BP station when he brandished a firearm in an attempt to stop Appellant's efforts to commit robbery.

Mr. Wetzel then got in front of the driver's side of Appellant's vehicle. After a three- or four-second pause, Appellant accelerated his vehicle forward at a high rate of speed. Appellant's vehicle struck Mr. Wetzel, causing him to go onto and over the hood of the car. Appellant never attempted to decelerate his vehicle and Mr. Wetzel was dragged for some distance and later run over by Appellant. Appellant fled the scene without stopping.

Mr. Wetzel suffered severe brain injuries as a result of these events and succumbed to these injuries on April 2, 2010. The Commonwealth was prepared to establish at trial that the cause of Mr. Wetzel's death was blunt force trauma to the head, consistent with a motor vehicle accident and a pedestrian strike. At the time, Appellant was not properly licensed to

operate a motor vehicle in Pennsylvania. **See** Trial Court Opinion, 5/29/15, at 3-4.

On January 28, 2011, Appellant pled guilty to one count of third-degree murder[1] and one count of accident involving death or personal injury.[2] On September 28, 2011, the trial court sentenced Appellant to serve an aggregate sentence of 22 to 44 years in prison. Counsel for Appellant subsequently filed a petition to reconsider sentence and on March 1, 2012, after a hearing, the court modified Appellant's sentence to an aggregate term of ten to 20 years' imprisonment. Thereafter, the Commonwealth moved the court to reconsider the modified sentence. The court denied the Commonwealth's motion on March 23, 2012. The Commonwealth subsequently filed an appeal, which this Court dismissed on May 28, 2013 for failure to file a brief.

Appellant initiated collateral proceedings on August 19, 2013. The PCRA court appointed counsel and convened an evidentiary hearing on March 19, 2014. The PCRA court dismissed Appellant's petition on May 12, 2014 and Appellant filed a timely notice of appeal. On June 5, 2014, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant timely

---

[1] 18 Pa.C.S.A. §2502(c).

[2] 75 Pa.C.S.A. §3742(a).

complied and the PCRA court issued its Rule 1925(a) opinion on May 29, 2015.

On appeal, Appellant raises the following issues for our review:

[1.] Did the lower court err by finding that trial counsel was not ineffective by failing to meet with the appellant and discuss his decision to withdraw the guilty plea, failing to argue the motion to withdraw the guilty plea, giving appellant erroneous advice as to the sentence that would be imposed and failing to describe the elements of third degree murder?

[2.] Was the plea of guilty unlawfully induced by trial counsel?

Appellant's Brief at 4.

Appellant raises interrelated claims challenging an order that denied collateral relief; hence, we shall address Appellant's claims in a single discussion. "Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In conducting this inquiry, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court[; h]owever, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* (citations omitted).

Appellant contends that plea counsel's ineffectiveness unlawfully induced him to enter an invalid guilty plea. Specifically, Appellant claims that counsel only met with him on one occasion before entry of the plea, that counsel advised Appellant that he would receive a four- to eight-year

- 4 -

sentence, that counsel failed to adequately explain the elements of third-degree murder, and that counsel failed to litigate a motion to withdraw Appellant's guilty plea. Appellant maintains that this Court should allow him to withdraw his guilty plea and order a new trial.

To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). **Spotz**, **supra**. These circumstances include the ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Our analysis of an ineffectiveness claim begins with the presumption that counsel is effective. **Spotz**, **supra**. To overcome this presumption and prevail on such a claim, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. Moreover,

> claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's]

decision to plead guilty be knowingly, voluntarily and intelligently made.

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea.

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

  (1) Does the defendant understand the nature of the charges to which he is pleading guilty?

  (2) Is there a factual basis for the plea?

  (3) Does the defendant understand that he has a right to trial by jury?

  (4) Does the defendant understand that he is presumed innocent until he is found guilty?

  (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

  (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001)

(internal citations omitted).

We carefully reviewed the certified record, the parties' appellate submissions, and the PCRA court's opinion. In its opinion, the court reviewed the transcript of Appellant's plea hearing and concluded that, based upon the totality of circumstances, Appellant entered a knowing, voluntary, and intelligent plea. PCRA Court Opinion, 5/29/15, at 5. The court's reasons were as follows:

> Next, [Appellant] alleges that [plea] counsel was ineffective. [Appellant] completed a written guilty plea colloquy, and the [c]ourt also explained [Appellant's] rights. The [c]ourt advised [Appellant] of the maximum penalty that could be imposed, after which [Appellant] indicated in the affirmative that he understood the nature of the charges and the maximum penalty. [Appellant] also admitted his guilt and that he was satisfied with his lawyer. [Appellant] also indicated that he answered the questions in his colloquy truthfully . . . and that it was his knowing, intelligent and voluntary decision to plead guilty. The court also asked if [Appellant] was promised anything in exchange for pleading guilty other than the terms of the plea agreement[.] Appellant replied, "No, your Honor." The Assistant District Attorney, in outlining the plea agreement, had earlier indicated there was, "No agreement as to sentence."
>
> During the PCRA hearing in this matter, [Appellant's plea counsel] testified that he did in fact[] explain the difference between [t]hird[-d]egree [m]urder and [m]anslaughter to [Appellant], and that he met with his client on numerous occasions. [Plea counsel] also testified that he went through the written colloquy with [Appellant] who understood and answered the questions. [Counsel] denied representing to [Appellant] that he would receive a sentence of [four to eight] years[' imprisonment.] The [PCRA c]ourt found [counsel's]testimony to be credible.

*Id.* at 4-5.

Under the totality of circumstances, we conclude that the PCRA court's findings are supported by the record and that its legal conclusions are free of

error.[3]    We  therefore  agree  that  Appellant  knowingly,  intelligently,  and voluntarily entered his guilty plea.  Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2016

_____

[3] We  are  unpersuaded  by  Appellant's  contention  that  plea  counsel  was ineffective  in  failing  to  discuss  Appellant's  decision  to  withdraw  his  guilty plea.  The PCRA court found that plea counsel testified credibly at Appellant's PCRA  hearing  that  he  never  discussed  this  decision  with  Appellant  because he never received a copy of Appellant's *pro se* motion to withdraw.  **See** N.T. PCRA  Hearing,  3/19/14,  at  34.    Similarly,  the  record  squarely  rebuts Appellant's  claim  that  his  use  of  prescription  medication  diminished  his understanding  of  events  at  the  plea  hearing.    **See**  N.T.  Plea  Hearing, 6/28/11, at 5 (Appellant denying the use of drugs, prescription medication, and alcohol within the last day).  Both of these claims are unavailing.