J-S07037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TILE HASEEN JAMES | : | |
| | : | |
| Appellant | : | No. 1837 MDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005330-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED FEBRUARY 27, 2019**

Tile Haseen James (James) appeals from the order of the Court of Common Pleas of Lancaster County (PCRA court) denying his first petition filed pursuant the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. James alleges the ineffective assistance of counsel for convincing him to enter a negotiated guilty plea.  After careful review, we affirm.

**A.**

James pleaded guilty to delivery of a controlled substance, 35 P.S. § 780-113(a)(30), and criminal use of a communication facility, 18 Pa.C.S. § 7512(a), for his delivery of crack cocaine to a confidential informant after arranging the transaction with him on his cell phone.  Pursuant to the terms of the negotiated plea agreement, James was sentenced to an aggregate term

_____

*   Retired Senior Judge assigned to the Superior Court.

of not less than one year less one day nor more than two years less one day of incarceration.

Before imposing sentence, the trial court engaged in a colloquy with James. (*See* N.T. Sentencing, 5/19/17, at 2-8). James testified that it was his decision to plead guilty, that he was not "forced, threatened[,] or coerced in any way" to do so, and, importantly, that he was pleading guilty because he committed the offenses. (*Id.* at 4). He confirmed that he understood he had "an absolute right" to a jury trial, the elements of the charges to which he was pleading, and that it would be the Commonwealth's burden to prove him guilty beyond a reasonable doubt. (*Id.* at 4; *see id.* at 5). The Commonwealth read the facts of the crimes to which James was pleading guilty, and he admitted that he received a text message on his cell phone from the confidential informant, he set up the buy location, and he delivered "one clear plastic corner tied bag containing crack cocaine to him." (*Id.* at 5; *see id.* at 6). The court explained the maximum sentences James could receive for his crimes and his post-sentence rights before confirming that he understood them. (*See id.* at 7-8). Additionally, James completed a written guilty plea colloquy that reflected the same questions and answers. (*See* Guilty Plea Colloquy, 5/19/17, at 1-2) (pagination provided). James did not timely file a post-sentence motion or a direct appeal.

**B.**

James filed a timely *pro se* PCRA petition, later amended by Appointed Counsel raising the issue of ineffective assistance of counsel because, among other things, he would not have plead guilty if his trial counsel pursued an entrapment defense.

At his PCRA hearing, in contradiction with his guilty plea testimony, James testified that he set up the drug transaction with the confidential informant only after the confidential informant texted him more than once begging that he do so.  (***See*** PCRA Hearing, 7/13/18, at 4).  He stated that, although he took the confidential informant to the buy location, a third party actually delivered the drugs.  (***See id.***).  He testified that if trial counsel had discovered the identity of the confidential informant and had suggested an entrapment defense, he would not have pleaded guilty.  (***See id.*** at 7). However, James' trial counsel, David Blank, Esquire, testified at the PCRA hearing that he did not pursue the identity of the confidential informant because James already knew him.  (***See id.*** at 27).  He also stated that he did not consider an entrapment defense because James had not told him of the alleged begging by the confidential informant, and that even if he had, it would not have been enough for such a defense.  (***See id.***).

Finding that James lacked credibility and that he was the one who orchestrated the drug transaction, the PCRA court denied the petition.  James then filed this appeal.

**C.**

The sole issue that James raises on appeal is that the PCRA court abused its discretion[1] in denying his petition where trial counsel convinced him to enter a guilty plea instead of seeking the identity of the confidential informant which would have made entrapment a viable defense. (**See** James' Brief, at 8-10). We disagree.

"[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" **Commonwealth v. Laird**, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. . . . The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.

---

[1] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.]" **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations and internal quotation marks omitted).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted).

James has failed to make out an ineffective assistance of counsel claim. First, in addition to the written form signed by James, the trial court conducted a full on-the-record colloquy when James pled guilty. James is bound by those statements and "may not assert grounds for withdrawing the plea that contradict statements made when he pled." *McCauley*, *supra* at 922 (citation omitted). When he admitted to the crimes, the version of the facts introduced by the Commonwealth and his understanding of the ramifications of pleading guilty, his claim fails. *See Rigg*, *supra* at 1084.

In denying the PCRA claim, the PCRA court stated:

> Defendant's . . . claim, that he had a potential entrapment defense, likewise lacks any merit. To establish an entrapment defense under the facts of the instant case, Defendant would have had the burden to demonstrate that the Commonwealth or the confidential informant employed methods of persuasion of inducement which created a substantial risk that such an offense would be committed by innocently disposed persons. 18 Pa. C.S.A. §313; *Com. v. Mance*, 619 A.2d 1378, 1380 (Pa. Super. 1993), *aff'd* 652 A.2d 299 (Pa. 1995). As noted above, Defendant's version of the facts lacks any credibility and directly contradicts the record. Defendant's trial counsel testified credibly

- 5 -

that Defendant never told him that the confidential informant had to beg for the drugs or that there were any additional, undisclosed communications and, furthermore, there was no evidence of such communications.[2] Defendant openly admits that in response to the confidential informant's request he arranged the drug transaction and took the confidential informant to the drug transactions.[3] Therefore, unlike the cases cited by Defendant, he was the one who orchestrated and directed the crime and not the confidential informant or the Commonwealth. Therefore, the record fails to demonstrate any credible defense of entrapment.

Based on the foregoing, we conclude that the PCRA court properly found that James failed to establish counsel's ineffective assistance.[4] We affirm the PCRA court's order denying James' PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019

_____

[2] N.T. PCRA Hearings, 07/13/18, pp. 27, 34-35.

[3] N.T. PCRA Hearing, 07/13/18, pp. 4, 11; Letter Brief-Amended PCRA, 02/28/18, p. 3.

[4] Additionally, trial counsel's testimony that he did not seek information about the confidential informant because James already knew him, and that he did not pursue an entrapment defense because it would have lacked merit, is reasonable. Therefore, James' issue fails on that basis as well. **See Laird**, **supra** at 978; **Robinson**, **supra** at 439.