J-S64005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :
                v.                            :
                                              :
                                              :
JOHNNIE RAINES                       :
                                              :
              Appellant            :  No. 1765 WDA 2018

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005274-2016

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:               **FILED FEBRUARY 11, 2020**

Johnnie Raines appeals from the November 20, 2018 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA").  We affirm.

We glean the facts underlying Appellant's convictions from the factual basis recited for Appellant's guilty plea.  On March 24, 2016, Mitchell Coles gave his girlfriend Erica Harris $800 to facilitate her purchase of drugs from Saveon Ponder.  N.T. Guilty Plea/Sentencing, 5/8/17, at 9.  Ms. Harris retrieved Mr. Ponder and drove him to the location where the sale was to take place.  She gave him the money, he exited the vehicle, but did not return with drugs.  Ms. Harris telephoned Coles and reported that she had been "burned."  *Id*. at 10.  She recommended that Coles arm himself, and then she picked up Coles and Appellant and they proceeded to Mr. Ponder's home.  *Id*.  They

---

[*] Retired Senior Judge assigned to the Superior Court.

located and retrieved Mr. Ponder, and drove around his neighborhood while Mr. Ponder looked for some means to compensate Coles. *Id*. at 11. At one point, video surveillance recorded footage of Mr. Ponder jumping from the moving vehicle in an attempt to flee. *Id*. at 12. It depicted Coles and Appellant in pursuit, Appellant capturing Mr. Ponder, and Appellant forcibly escorting him back to the vehicle. *Id*. Witnesses later saw the vehicle stop two miles away on a secluded dead-end street, and Appellant and Coles escorted Mr. Ponder into the woods. *Id*. at 13. The witnesses heard multiple gunshots, prompting them to call 911. Coles gave a statement to police in which he confessed that he shot Mr. Ponder several times and then handed the gun to Appellant, who fired additional rounds into the victim. *Id*.

Appellant entered a negotiated plea on May 8, 2017. He agreed to plead guilty to third-degree murder, kidnapping, and conspiracy. In exchange for the guilty plea, Appellant would receive an aggregate sentence of twenty to forty-five years of incarceration and the Commonwealth would withdraw the remaining counts and not move to add a charge of robbery. The trial court accepted the plea and sentenced Appellant as agreed, with credit for time served.

Appellant did not move to withdraw the guilty plea or file a direct appeal. Rather, on June 6, 2018, Appellant filed the instant *pro se* PCRA petition. Counsel was appointed, and he filed an amended petition on Appellant's behalf asserting that "[Appellant]'s plea was unlawfully induced and therefore [Appellant]'s agreement with the Commonwealth was not valid." PCRA

Petition, 9/13/18, at 10. Appellant pled that he did not meet with trial counsel until the day of the plea, and that he told counsel that he intended to be tried by a jury as he did not have the requisite *mens rea* for the crimes charged. *Id*. at 11. According to Appellant, counsel advised that he had not procured appropriate attire for Appellant, and hence, Appellant would have to go to trial in prison garb. Appellant also averred that counsel told him that he had conducted no investigation, and that Appellant had no viable legal defenses. Appellant maintained that he was coerced into entering the plea agreement, and that his plea was unknowing, involuntary, and unintelligent. *Id*. He argued that an evidentiary hearing was necessary to resolve issues of credibility.

The Commonwealth filed an answer to the PCRA petition in which it pointed to the oral and written guilty plea colloquies as proof that Appellant's plea was knowing, intelligent, and voluntary, and maintained that Appellant could not contradict those representations. Nonetheless, the Commonwealth agreed that an evidentiary hearing was necessary to create a record and permit the court to make any credibility determinations.

The PCRA court conducted an evidentiary hearing on November 19, 2018, at which Appellant and plea counsel, Elbert Gray, Esquire testified. Attorney Gray testified that he advised Appellant, "based on all the evidence that was submitted in discovery, I put everything on the table and let Mr. Raines make the determination as to how to proceed." N.T. PCRA Hearing,

11/19/18, at 6. Counsel informed Appellant that his co-defendants had already entered guilty pleas. Counsel sought and obtained permission from the court to review with Appellant the video surveillance footage. Attorney Gray testified that Appellant, after seeing the evidence, hearing what penalties he was facing, and considering the offer, agreed to enter a guilty plea. *Id*. Counsel testified that he reviewed with Appellant the written guilty plea colloquy consisting of sixty-eight questions, and made sure that Appellant understood the information. He testified that he thought Appellant "understood what was going on at that point." *Id*. at 9. There was additional negotiation over the plea as the term of incarceration was not satisfactory to Appellant, and the initial offer of thirty to sixty years of imprisonment was reduced. *Id*. at 10.

Counsel testified that he met with Appellant more than once prior to trial. *Id*. He denied that he told Appellant he would go to trial wearing "prison reds." *Id*. at 11. In response to questions from the court, counsel confirmed that Appellant was identifiable on the video as one of the persons chasing down the victim, putting him in the car, and, in effect kidnapping him. *Id*. at 14. In addition, he told Appellant that his co-defendants had given statements to police and expressed a willingness to testify. *Id*. at 16. Counsel testified that he advised his client that first-degree murder, together with kidnapping, would constitute felony murder and subject him to a sentence of life in prison without possibility of parole. He denied that he told Appellant to take the plea.

Rather, he "just tried to put everything on the table for him and let him make the decision." *Id*. at 17.

Appellant took the stand and testified that he gave great weight to his lawyer's advice. He told the court that Mr. Gray advised him there was "zero" chance that he would not be convicted, and that a life sentence was mandatory. *Id*. at 22. In Appellant's mind, he felt he had no choice: take the plea or spend the rest of his life in jail. *Id*. at 23.

In response to the inquiry why he had answered the questions posed at the oral colloquy in the affirmative, Appellant maintained that counsel told him that he had to say "[y]es or they're not going to accept the plea." *Id*. at 24. On cross-examination, when confronted with his answers to the written colloquy, Appellant conceded that he stated therein that nobody forced him to enter his plea and that he entered it of his own free will.

On November 20, 2018, the PCRA court dismissed the petition. Appellant timely filed the within appeal raising one issue: "Did the trial court err as a matter of law in denying Appellant's petition for post-conviction relief?" Appellant's brief at 5. In essence, Appellant contends that his plea was involuntary because counsel coerced him into accepting the negotiated plea agreement.

Appellant frames his claim that counsel coerced his plea as one of ineffective assistance of counsel. Where ineffective assistance of counsel is pled, counsel is presumed effective and the petitioner bears the burden of

proving ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655 (Pa. 2007). In order to obtain relief, a petitioner must prove that counsel's representation was deficient, and that he was prejudiced thereby. ***Strickland v. Washington***, 466 U.S. 668 (1984). Specifically, to prevail on such a claim, a petitioner must plead and prove, by a preponderance of the evidence, all three of the following elements:

1) the underlying claim has arguable merit;

2) no reasonable basis existed for counsel's action or inaction; and

3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Petitioner suffered prejudice as a result of counsel's action or inaction.

***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa.Super. 2011). In order to obtain relief on a claim of ineffectiveness involving a guilty plea, the petitioner must demonstrate that counsel's ineffectiveness caused him to enter an involuntary or unknowing plea. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa.Super. 2012). This Court has held that the "standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." ***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa.Super. 2005) (*en banc*) (explaining that the standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel and provides relief only if ineffectiveness causes a petitioner to enter an involuntary or unknowing plea).

In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa.Super. 2017). In making our decision, we are bound by the credibility determinations of the PCRA court that are supported by the record. *Commonwealth v. Keaton*, 82 A.3d 419, 425 (Pa. 2013).

The PCRA court rejected Appellant's claim that trial counsel's ineffectiveness caused him to enter an unknowing and involuntary plea, finding that Appellant understood the nature of the charges to which he pled guilty, and that his guilty plea was knowing and intelligent. PCRA Court Opinion, 6/24/19, at 5. In arriving at that conclusion, the court noted that Appellant's responses during the guilty plea hearing "indicate[d] that he knew he agreed to the specific negotiated sentence of imprisonment." *Id*.; *see Commonwealth v. McCauley*, 797 A.2d 920 (Pa.Super. 2001) (holding that where the record demonstrates that a guilty plea colloquy was conducted that reflects that the petitioner understood the nature of the charges, voluntariness of the plea is established).

As the Commonwealth correctly points out, Appellant's argument is nothing more than a reiteration of the averments in his amended petition and his testimony at the evidentiary hearing. *See* Appellant's brief at 10-11. However, the PCRA court found "incredible" Appellant's testimony that counsel

coerced him to plead guilty by telling him that he would receive a life sentence if he went to trial. In contrast, the PCRA court expressly credited plea counsel's testimony, stating on the record at the evidentiary hearing that counsel "testified truthfully" and that he had "no independent motive at all to force [Appellant] into a plea." N.T. PCRA Hearing, 11/19/18, at 41, 43. In addition, the court found "wholly credible" plea counsel's testimony that he conferred with Appellant about the evidence against him and the potential penalties, but deferred to Appellant to make his own decision regarding the plea offer. PCRA Court Opinion, 6/24/19, at 5. The court stated that Appellant's responses to the oral and written colloquies, as well as his voluntary statements to the court, buttressed that determination. *Id*.

We are bound to accept the credibility determinations of the PCRA court as they are supported by the record. For these reasons, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2020