J-S71038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD  COST | : | |
| | : | |
| Appellant | : | No. 3108 EDA 2018 |

Appeal from the PCRA Order Entered October 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001727-2016

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 03, 2020**

Harold Cost appeals from the order dismissing as meritless his Post Conviction Relief Act ("PCRA")[1] petition. Cost claims he is entitled to relief because plea counsel was ineffective for inducing him into entering an unknowing and involuntary guilty plea and that the PCRA court erred in dismissing his petition without a hearing. We affirm.

Cost was arrested and charged in January 2016 with several offenses, including firearm ownership–providing false information.[2] The Commonwealth alleged that he had falsely answered "no" to a question on a federal firearms form asking whether he had previously been convicted of a felony or any other crime for which a judge could have sentenced him to more than one year in

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 18 Pa.C.S.A. § 6111(g)(4).

prison. He entered a negotiated guilty plea to that charge, and filled out a guilty plea colloquy form. After an oral colloquy, the court accepted the plea and the Commonwealth *nolle prossed* the remaining charges. The trial court sentenced him in accordance with the plea agreement to six to 23 months of incarceration, followed by three years of probation. Cost did not file a direct appeal.

Cost later filed a timely *pro se* PCRA petition. The court appointed counsel who filed an amended petition asserting that guilty plea counsel was ineffective "for causing [Cost] to enter an involuntary or unknowing guilty plea[.]" Amended Petition Under Post Conviction Relief Act, filed 11/5/17, at 2. Cost elaborated that "through pressure exerted by [his] trial counsel he was forced unknowingly, involuntarily, and coercively to plead guilty to charges that he did not understand and did not understand the sentence he could receive." Memorandum of Law in Support of Amended Petition for Relief Pursuant to Post Conviction Relief Act, filed 11/5/17, at 4.

The court gave notice of its intent to dismiss the petition as meritless, pursuant to Pa.R.Crim.P. 907(1). Cost did not file a response. The court dismissed the petition on October 15, 2018, and this timely appeal followed.[3]

Cost raises two questions on appeal:

> I. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]

---

[3] Both Cost and the PCRA court complied with the dictates of Pa.R.A.P. 1925.

II. Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

Cost's Br. at 8 (questions re-ordered for ease of disposition).

When reviewing the denial of a PCRA petition, this Court's standard of review is limited to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. When reviewing the denial of a PCRA petition without an evidentiary hearing, we determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. [W]hen there are no disputed factual issues, an evidentiary hearing is not required . . . . We review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa. Super. 2018) (citations and quotation marks omitted).

In his first issue, Cost argues that trial counsel rendered ineffective assistance by inducing him to enter an involuntary or unknowing guilty plea. ***See*** Cost's Br. at 14-15. Cost claims that he was forced to plead guilty despite not understanding the charges to which he was pleading, nor the sentence which he could receive. Further, Cost alleges that counsel told him that his belief that he was able to purchase firearms did not matter, and Cost had to plead guilty or he would remain in jail longer. ***See id.*** at 15. He claims counsel advised him that if he pleaded guilty he would be released. ***See id.*** Thus, Cost claims that counsel coerced him into pleading guilty. We disagree.

"Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." ***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa. Super. 2017), *appeal denied*, 176 A.3d 850 (Pa. 2017). To overcome this

presumption, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [the defendant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy[.]

***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa.Super. 2001) (citations omitted).

In the instant case, prior to entering his plea, Cost affirmed that he reviewed, understood, and signed the plea form of his own free will. ***See*** N.T. Hearing, 6/22/16, at 3. He confirmed that he understood his right to go to trial and gave it up, that he was not forced to plead guilty, and that he was satisfied with the advice of his attorney. ***See id.*** at 5-7. He then agreed to the factual basis, as set forth by the prosecutor, and confirmed that he was aware that he could be sentenced to up to seven years of incarceration, and that the

judge was not bound by the terms of his plea agreement. **See id.** at 3-4, 7-8. Additionally, the written guilty plea colloquy, which Cost signed, explained the crime to which he was pleading guilty, and stated that counsel explained the elements of the crime. **See** Written Guilty Plea Colloquy, dated 6/22/16, at 1. The trial court concluded that Cost's decision to plead guilty was knowing, intelligent, and voluntary, and so accepted his guilty plea.

Cost's argument that the PCRA court should have granted relief on his ineffectiveness claim is meritless. His assertion that he did not understand the charges to which he was pleading guilty and the sentence he could potentially receive is belied by the record of the guilty plea proceeding. His underlying claim lacks arguable merit and the PCRA court did not err in rejecting Cost's ineffectiveness claim. Cost's first issue does not merit relief.

In his second issue, Cost contends that the PCRA court erred in dismissing his petition without an evidentiary hearing. **See** Cost's Br. at 12-13. We disagree.

A PCRA court need only hold a hearing if there are genuine issues of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to relief. **Brown**, 161 A.3d at 964 (citing Pa.R.Crim.P. 907). Cost has not demonstrated any such genuine issue of material fact. As explained above, we have been able to determine that Cost's ineffectiveness claim is meritless by reference to the existing record, and Cost has not suggested any material fact question that the court could not resolve without holding an

evidentiary hearing. As all of the issues Cost presents in this appeal are meritless, the PCRA court properly dismissed Cost's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20