J-S54043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :   PENNSYLVANIA
                                                   :
                  v.                           :
                                                   :
                                                   :
NATHANIEL BUTLER GALLOWAY   :
                                                   :
                  Appellant           :   No. 752 MDA 2020

Appeal from the PCRA Order Entered May 1, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004583-2016

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED FEBRUARY 09, 2021**

Nathaniel Butler Galloway ("Galloway") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court summarized the relevant history underlying this appeal as follows:

> This matter arises from an [I]nformation filed by the Luzerne County District Attorney against [Galloway] …, on February 8, 2017.  [Galloway] was charged with one hundred fifty counts of sexual abuse of children (child pornography), eight counts of sexual abuse of children (dissemination of photographs, videotapes, computer depictions and films)[,] and one count of criminal use of a communication facility.  On June 19, 2017, [Galloway] pled guilty to one hundred fifty counts of child pornography and eight counts of dissemination.
>
> [Galloway] filed a [M]otion to withdraw guilty plea on August 23, 2017.  This [M]otion was withdrawn on September 8, 2017[,] and sentencing occurred on November 6, 2017.  At sentencing, [Galloway] received twelve to twenty-four months on

each of the eight counts of dissemination. These sentences were within the standard range [of the Sentencing Guidelines,] and were to be served consecutive to each other. [Galloway's] sentence on [each of] the first five child pornography counts was one year of special probation[,] to be served consecutive to each other and consecutive to the last count of dissemination[,] which was count one hundred fifty-eight. Finally, [Galloway's] sentence on [each of] the remaining one hundred forty-five counts of child pornography was twelve to twenty-four months concurrent to each other and concurrent to count one hundred fifty-eight[ *i.e.,* the final count of dissemination]. The aggregate sentence was eight to sixteen years [in prison,] followed by five years of special probation.

On November 8, 2017, a [M]otion to modify sentence was filed on [Galloway's] behalf. Rather than wait for a decision on the [M]otion, [Galloway] filed a *pro se* [N]otice of [A]ppeal to [this Court] on December 15, 2017. The [M]otion to modify was denied on March 6, 2018[,] and [this] Court affirmed the judgment of sentence … on August 21, 2018. [**See Commonwealth v. Galloway**, 195 A.3d 1011 (Pa. Super. 2018).]

PCRA Court Opinion, 5/1/20, at 1-2 (unnumbered). Galloway did not seek allowance of appeal with the Pennsylvania Supreme Court.

On August 12, 2019, Galloway, *pro se*, filed the instant, timely PCRA Petition, challenging the effectiveness of his plea counsel. The PCRA court appointed Galloway PCRA counsel, who filed a Supplement to the PCRA Petition. Therein, Galloway, through counsel, requested to withdraw his guilty plea. Following a hearing, the PCRA court denied Galloway's Petition. This timely appeal followed.

Galloway now raises the following issue for our review: "Whether trial counsel was ineffective in guaranteeing that [Galloway] would receive a

certain sentence[,] which [Galloway] relied upon, thus making his guilty plea involuntary[?]" Brief for Appellant at 1.

Galloway claims that his plea counsel "guaranteed" a sentence that he ultimately did not receive. *Id.* at 6. According to Galloway, "[plea] counsel represented that [Galloway] would receive an aggregate prison term of no more than 2-4 years[,] and that is the only reason why he plead [*sic*] guilty." *Id.* Galloway argues that he should be permitted to withdraw his guilty plea. *Id.* at 7.

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's denial of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Further,

> [i]neffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted); *see also Commonwealth v. Fears*, 86 A.3d 795, 807 (Pa. 2014) (stating that "[t]o prove prejudice, appellant must prove he would not have pled guilty and would have achieved a better outcome at trial." (citation and quotation marks omitted)); *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (stating that "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice … by facilitating entry of an unknowing, involuntary, or unintelligent plea." (citations omitted)).

To ensure that a plea is voluntary, knowing, and intelligent,

> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. … As the Comment to Rule 590 provides[,] at a minimum, the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has a right to a trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Hart*, 174 A.3d 660, 667-68 (citations omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and quotation marks omitted).

The PCRA court addressed Galloway's claim as follows:

[Galloway] was the only witness to testify at the PCRA hearing. He testified regarding his decision to plead guilty, the [M]otion to withdraw his guilty plea[,] and the eventual withdrawal of that [M]otion. [Galloway] stated that he went through with the guilty plea because he believed his sentence would be no greater than two to four years. [Galloway] was also aware of other charges that could be filed in connection with additional child pornography discovered by the Commonwealth.

On June 19, 2017, [Galloway] signed a plea agreement[,] which indicated that there was no agreement as to sentence. He was made aware that the maximum sentence on each of the one hundred fifty-eight counts was seven years. [Galloway] appeared before [the trial c]ourt at the time of his guilty plea, at the hearing on the [M]otion to withdraw his guilty plea, and at sentenc[ing]. [Galloway] never indicated that he believed there was an agreement regarding a two to four year sentence. In fact, there was no mention of a two to four year sentence[,] until the Supplement to [the] PCRA Petition was filed almost two years

after [Galloway] was sentenced. [Galloway] understood the consequences of his plea after being informed of the maximum sentence he was facing. … [Galloway's] testimony regarding a guaranteed sentence was not credible when considered in connection with the record established in this case.

PCRA Court Opinion, 5/1/20, at 4-5 (unnumbered).

Moreover, our review of the transcripts of the guilty plea hearing confirms that the trial court conducted a guilty plea colloquy, during which Galloway acknowledged that he had a right to a jury trial, and that he was presumed innocent until proven guilty. N.T. (Guilty Plea), 6/19/17, at 3. Galloway also agreed to the factual basis of the plea, as set forth by the Commonwealth. *Id.* at 4-5. Further, the sentencing judge specifically stated, "I could impose the statutory maximum on each count, and I could run all those counts consecutively. Do you understand that?" *Id.* at 4. Galloway indicated that he understood. *Id.* Additionally, Galloway signed the Guilty Plea Agreement, which explained the maximum penalties and fines he could be facing based on the grading of each offense. Guilty Plea Agreement, 6/19/17; *see also* N.T. (Guilty Plea), 6/19/17, at 2-3 (wherein Galloway confirmed that he had read, understood, and signed the Guilty Plea Agreement). Based on the totality of the circumstances, the record confirms that Galloway entered a voluntary, knowing, and intelligent guilty plea. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is

established.").  Accordingly, Galloway's underlying claim lacks merit, and his ineffectiveness claim fails.

Based upon the foregoing, we affirm the Order of the PCRA court denying his PCRA Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/09/2021