J-S68003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW CHRISTIAN MILISITS | : | |
| | : | |
| Appellant | : | No. 1411 WDA 2018 |

Appeal from the PCRA Order Entered September 5, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004743-2012

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 **FILED JANUARY 2, 2020**

Matthew Christian Milisits (Milisits) appeals *pro se*[1] from the order of the

Court of Common Pleas of Westmoreland County (PCRA court) denying his

first petition filed pursuant the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.

§ 9541-9546.  Milisits alleges that plea counsel and his three appointed PCRA

attorneys rendered ineffective assistance.  We affirm.

We glean the following facts from the record.  In 2012, Milisits was

charged with criminal homicide, aggravated assault, simple assault,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] While this is Milisits' first PCRA petition, he waived his right to counsel and
elected to proceed *pro se* following a hearing pursuant to **Commonwealth v.
Grazier**, 713 A.2d 81 (Pa. 1998).

endangering the welfare of a child and recklessly endangering another person for causing the death of his two-month-old daughter, S.L.[2] S.L.'s cause of death was Shaken Baby Syndrome and her injuries included bruising, skull fractures, rib fractures, brain swelling and detached retinas. She sustained the injuries during a two-hour time frame when she was in Milisits' sole care.

In 2014, Milisits entered an open guilty plea to third-degree murder and was sentenced to the statutory maximum penalty of 20 to 40 years' imprisonment. We affirmed the judgment of sentence. **Commonwealth v. Milisits**, 352 WDA 2015 (Pa. Super. Sept. 29, 2015).

On December 21, 2016, Milisits filed his first, timely PCRA petition. The next day, Milisits' direct appeal counsel filed a separate PCRA petition on his behalf. The PCRA court scheduled a hearing on the petitions, but on the date of the hearing, Milisits requested that the counseled petition be withdrawn and that he be appointed new counsel. The PCRA court granted this request. Milisits' second PCRA attorney filed a no-merit letter and petition to withdraw pursuant to **Turner/Finley**[3] in November 2017 and the PCRA court issued a notice of intent to dismiss the petition in January 2018.

---

[2] 18 Pa.C.S. § 2501(a); 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. § 4304(a)(1); 18 Pa.C.S. § 2705.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988) (*en banc*).

- 2 -

Milisits then filed a *pro se* response to the notice of intent to dismiss alleging, *inter alia*, that his counsel had been ineffective in litigating his PCRA claims. The PCRA court then granted counsel's motion to withdraw and appointed a third attorney to represent Milisits in the PCRA proceedings. With leave of the PCRA court, counsel filed an amended PCRA petition that raised the same claims Milisits had raised in his initial *pro se* petition. The PCRA court again found that no meritorious issues had been raised and issued an order dismissing the petition without a hearing.

Milisits filed a timely *pro se* notice of appeal and his counsel also filed a separate notice of appeal on his behalf. Milisits then wrote a letter to the PCRA court informing the court that his third PCRA counsel had been ineffective and that he wished to have new counsel appointed or represent himself *pro se* on appeal. The PCRA court allowed counsel to withdraw and determined that Milisits had knowingly, intelligently and voluntarily waived his right to representation for this appeal. Milisits timely filed a concise statement of issues complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed a responsive statement relying on its earlier opinions in support of the notice of intent to dismiss and order dismissing the petition.

On appeal, Milisits first argues that the PCRA court abused its discretion[4] in dismissing his petition because plea counsel rendered ineffective assistance. He argues that plea counsel advised him to plead guilty to third-degree murder without investigating or informing him of possible defenses. He also argues that plea counsel promised him that he would be sentenced to a maximum of ten years of incarceration, and that plea counsel should have objected to the plea colloquy because it did not inform him of the elements of third-degree murder or the facts underlying the plea. We disagree.

"[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." *Commonwealth v. Robinson*, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. . . . The law does not require that appellant be pleased with the outcome of his decision to enter

---

[4] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.]" *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations and internal quotation marks omitted).

a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted).

Moreover, in evaluating the sufficiency of a plea colloquy, "whether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy." *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005) (*en banc*). A defendant may acknowledge that he was informed of the elements of the charges against him by counsel on the record or in a written guilty plea colloquy. *Id.* at 107, 109 ("It is apparent that Appellant was aware of the nature of the offenses because he executed a document admitting that he was advised of the offenses outlined in the information, which detailed the elements of those offenses."). A colloquy is sufficient if the totality of the circumstances reveal that the defendant was aware of the elements of the

crimes to which he pled guilty, as well as the factual predicate for the plea. *Id.*; *Commonwealth v. Martinez*, 453 A.2d 940, 943 (Pa. 1982).

A review of the testimony from Milisits' plea hearing reveals that he repeatedly affirmed that he understood the charge to which he was pleading guilty, was aware of the maximum possible sentence that could be imposed, and had discussed all available defenses with counsel. Notes of Testimony, Guilty Plea Hearing, 9/5/14, at 8-11. The factual basis for the plea was incorporated from the Criminal Information, and Milisits further confirmed that he knew he was pleading guilty to "intentionally, knowingly, recklessly or negligently" causing S.L.'s death. *Id.* at 3-4, 8. Milisits further attested in his written plea colloquy that his attorney had counseled him regarding "all possible defenses that [he] might have," the elements of the offenses, the maximum possible sentence of incarceration, and all applicable sentencing guideline ranges. *See* Guilty Plea Petition, 9/5/14, at 1-2. The form does not list a negotiated sentence, instead only listing the maximum possible sentence that could be imposed. *Id.* at 2-3. Milisits wrote on the form that he was pleading guilty "because I am guilty." *Id.* at 4. Milisits is bound by these statements that he made under oath in support of his guilty plea. *See McCauley*, *supra.* The record does not support Milisits' claims that plea counsel did not inform him of possible defenses, that he was promised a lesser

sentence, and that his colloquy was defective.[5]   Accordingly, this claim is meritless.

Milisits next claims that his three appointed PCRA counsel were ineffective for failing to diligently pursue his claim that plea counsel rendered ineffective assistance.[6]  However, this argument presumes that his underlying challenge to the effectiveness of his plea counsel has merit, and we have rejected that claim.  PCRA counsel cannot be ineffective for failing to pursue a meritless claim.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012).  Accordingly, this claim is also meritless.

Order affirmed.

_____

[5] Milisits' claim that plea counsel did not adequately investigate possible defenses is based on an expert report which concludes that S.L.'s death was not necessarily caused by Shaken Baby Syndrome.  *See* Appendix E to Milisits' Brief.  However, this report is in the form of a letter addressed to Milisits' plea counsel and dated March 19, 2014, well before Milisits entered his guilty plea. Therefore, there is no evidence to support the assertion that plea counsel did not investigate this possible defense, and it appears from the record that plea counsel was, in fact, aware of this defense prior to the guilty plea hearing.  As noted above, Milisits' averments at the plea hearing indicate that he discussed all possible defenses with counsel.

[6] Milisits has preserved this claim for our review by raising it in his concise statement and in response to the PCRA court's notice of intent to dismiss his petition.  *See Commonwealth v. Rykard*, 55 A.3d 1177, 1186-87 (Pa. Super. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020